**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SENSOR ELECTRONIC TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LITE-ON TECHNOLOGY CORPORATION, LITE-ON TECHNOLOGY USA, INC., LITE-ON, INC., and LITE-ON TRADING USA, INC.,<br><br>Defendants. | Civil Action No. 6:21-CV-00322-ADA |

**<u>DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................... 1

III. LEGAL STANDARDS ........................................................................................ 2

IV. ARGUMENT ....................................................................................................... 4

    A.  Counts I-VI Should Be Dismissed Because Plaintiff Fails to Explain and Allege Required Limitations ............................................................................. 4

        1.  Count I (Alleged Infringement of the '906 Patent) ................................ 5

        2.  Count II (Alleged Infringement of the '952 Patent) ............................... 7

        3.  Count III (Alleged Infringement of the '562 Patent) .............................. 8

        4.  Count IV (Alleged Infringement of the '848 Patent) .............................. 9

        5.  Count V (Alleged Infringement of the '785 Patent) ............................. 10

        6.  Count VI (Alleged Infringement of the '496 Patent) ............................ 12

    B.  Counts VII-IX Should Be Dismissed Because Plaintiff Pleads Contradictory Allegations and Insufficient Facts ..................................................................... 13

        1.  Count VII (Alleged Infringement of the '420 Patent) ........................... 13

        2.  Count VIII (Alleged Infringement of the'156 Patent) ........................... 16

        3.  Count IX (Alleged Infringement of the '117 Patent) ............................. 18

V.  CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Kimberly-Clark Corp.*,
    570 F. App'x 927 (Fed. Cir. 2014) ....................................................................... 13, 15, 17, 18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................... 1, 2, 3, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................... 1, 2, 3, 6

*Bowlby v. City of Aberdeen, Miss.*,
    681 F.3d 215 (5th Cir. 2012) ............................................................................................. 2

*Carlton v. Freer Inv. Grp., Ltd.*,
    No. 5:15-CV-946-DAE, 2017 WL 11046201 (W.D. Tex. Aug. 8, 2017) ................................. 2

*Chapterhouse, LLC v. Shopify, Inc.*,
    No. 2:18-CV-00300, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ............................... *passim*

*Conley v. Gibson*,
    355 U.S. 41 (1957) .............................................................................................................. 2

*De La Vega v. Microsoft Corp.*,
    No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ................... *passim*

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018) ......................................................................................... 3

*Freedman Seating Co. v. Am. Seating Co.*,
    420 F.3d 1350 (Fed. Cir. 2005) ......................................................................................... 3

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
    No. 3:18-CV-01074, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018) ............................. *passim*

*Metricolor LLC v. L'Oreal S.A.*,
    791 F. App'x 183 (Fed. Cir. 2019) ..................................................................................... 3

*United States ex rel. Wilkins v. N. Am. Constr. Corp.*,
    173 F. Supp. 2d 601 (S.D. Tex. 2001) ..................................................................... 13, 17, 18

**Other Authorities**

35 U.S.C. § 271(a) ...................................................................................................................... 2

**<u>Rules</u>**

Fed. R. Civ. P. 8(a)(2).................................................................................................... 2

Fed. R. Civ. P. 12(b)(6).................................................................................................. 1

## I.    INTRODUCTION

Defendants Lite-On Technology Corporation, Lite-On Technology USA, Inc, Lite-On, Inc., and Lite-On Trading USA, Inc. (collectively, "Lite-On") respectfully move to dismiss Plaintiff Sensor Electronic Technology, Inc.'s ("SETi") First Amended Complaint ("FAC") under Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure.

The FAC fails to make plausible and sufficient allegations of patent infringement for all Counts.  Instead, for each of the asserted claims in the FAC, Plaintiff pleads only the barest, conclusory statements of infringement by parroting the claim language and presenting the <u>same</u> purported images of the accused Lite-On product for each asserted patent without explaining how those images allegedly meet the limitations of <u>different</u> asserted claims.  In some instances, the allegations even contradict each other.  Plaintiff's threadbare recital of claim language and failure to allege any facts showing how the same unadorned, non-specific images allegedly satisfy all limitations of different asserted claims is insufficient under *Twombly*, *Iqbal*, and the Federal Rules of Civil Procedure.

Because Plaintiff has failed to plausibly allege infringement of all the asserted patents, the Court should dismiss Counts I-IX of the FAC.

## II.    STATEMENT OF FACTS

Plaintiff SETi filed its original Complaint on April 2, 2021 (Dkt. No. 1) and the FAC on May 13, 2021 (Dkt. No. 13).  In the FAC, Plaintiff accuses Lite-On's ultraviolet ("UV") light-emitting diode ("LED") product, LTPL-G35UV275GC-E UV LED, of infringing nine patents: U.S. Patent Nos. 9,330,906 (the "'906 Patent"), 10,460,952 (the "'952 Patent"), 8,552,562 (the "'562 Patent"), 10,147,848 (the "'848 Patent"), 10,854,785 (the "'785 Patent"), 9,966,496 (the "'496 Patent"), 9,042,420 (the "'420 Patent"), 10,411,156 (the "'156 Patent"), and 9,923,117

(the "'117 Patent") (together, the "Asserted Patents"). FAC ¶¶ 43-102. The Asserted Patents are directed to complex semiconductor structures and chemical compositions within an LED chip.

## III.    LEGAL STANDARDS

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a)(2). Under this rule, the Supreme Court has held that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth." *Id.* at 679 (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Instead, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 218 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). This requires that "every element of each cause of action must be supported by specific factual allegations." *Carlton v. Freer Inv. Grp., Ltd.*, No. 5:15-CV-946-DAE, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017).

Under 35 U.S.C. § 271(a), "an accused product or process is not infringing unless it contains each limitation of the [asserted] claim, either literally or by an equivalent." *Freedman*

*Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005).  To state a claim for relief

for patent infringement, *Iqbal/Twombly* therefore require that a plaintiff plausibly allege that

each and every limitation of at least one claim of each asserted patent is met by the accused

products.  *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6

(W.D. Tex. Feb. 11, 2020) (Albright, J) (complaint failed to state a claim upon which relief can

be granted where it failed to explain and allege a specific limitation of the exemplary claim);

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-CV-01074, 2018

WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018) (ruling that the factual allegations must permit "a

plausible inference that an accused device meets all the limitations of the asserted claims" and

that  "bare conclusory allegations" that device met all limitations of asserted claim were

insufficient; "[a]dditional factual information, at least pleaded on information and belief, is

required under the standards of *Twombly* and *Iqbal*"); *see also Metricolor LLC v. L'Oreal S.A.*,

791 F. App'x 183, 188 (Fed. Cir. 2019) (plaintiff failed to sufficiently plead a claim of patent

infringement where it did not allege that accused products contained all the limitations in the

asserted claims).

Although sparser factual allegations may suffice for simple, mechanical technologies,

more facts are required where, as here, the technology at issue is more complex.  *Compare Disc

Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding that for a

spinal brace, it was enough for plaintiff to identify the accused products, attach photographs of

product packaging, and state that claim limitations were met), *with Lexington Luminance*, 2018

WL 10425908 at *1-2 (finding that *Disc Disease* is inapposite to patents involving more-

complex technology; "the technology at issue is a complicated technology and the claims are

directed to <u>an LED light involving a particular structure and chemical composition</u>.  Because of

this, a plausible inference that an accused device meets all the limitations of the asserted claims cannot be inferred from the bare conclusory allegations that this is so.") (emphasis added); *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (finding *Disc Disease* inapposite to "more complicated claims and technology" and concluding that <u>screenshots of accused software and conclusory allegations that each limitation was met</u> were insufficient) (emphasis added).

## IV.    ARGUMENT

Plaintiff does not plead facts sufficient to support an inference of patent infringement of any of the Asserted Patents.  As described in further detail below, each direct infringement allegation for the Asserted Patents suffers from the same flaw—Plaintiff simply copies the claim language and includes a few images without linking the images to the claim element they purportedly illustrate or providing any explanation regarding <u>how</u> the images allegedly show infringement.  *See, e.g.*, FAC ¶¶ 43-100.  Furthermore, several allegations with respect to the '420, '156 and '117 Patents are implausible and directly contradicted by other allegations pleaded in the FAC.  *See, e.g.*, FAC ¶¶ 82-83, 89, 97, 99-100.  As a result, Plaintiff has not set forth a plausible direct infringement theory and dismissal is appropriate for all Counts.

### A.    Counts I-VI Should Be Dismissed Because Plaintiff Fails to Explain and Allege Required Limitations

In *De La Vega*, this Court found that a complaint was "devoid of allegations that would support an inference" that the accused products include or implement a limitation, thereby rendering the infringement claim legally deficient and subject to dismissal:

> Plaintiff only presented three screenshots of evidence without explaining how that evidence shows that [defendant implements a limitation].  Plaintiff also does not identify [terms of the limitation] in the context of the accused instrumentality and/or described how each operates. Because Plaintiff does not include even a short written description of how the accused instrumentalities meet the [] limitation, his complaint fails to state a claim upon which relief can be granted.

2020 WL 3528411, at *6 (Albright, J.).

Like the plaintiff in *De La Vega*, Plaintiff here presents purported images of the accused Lite-On product without explaining how those images demonstrate the limitations of the asserted claims.  Nor does Plaintiff identify the terms of the asserted claims in the context of the accused Lite-On product.  Other than threadbare recitals of the claim language, Plaintiff does not include even a short, written description of how the accused Lite-On product allegedly meets the limitations of the asserted claims.

### 1.    Count I (Alleged Infringement of the '906 Patent)

Plaintiff accuses Lite-On's LTPL-G35UV275GC-E UV LED product of infringing Claim 1 of the '906 Patent.  FAC ¶ 43.  However, the FAC includes no factual allegations to support this infringement claim.

First, Plaintiff presents an image with no annotation or explanation at all regarding how that image satisfies all limitations of Claim 1.



FAC ¶¶ 44, 46.  For example, Claim 1 requires "a nucleation layer," but the FAC merely parrots the claim language and alleges that the "heterostructure in the TEM image shows" the limitation, without anything more.  *See* FAC ¶ 45.  This is far from sufficient.  *See Chapterhouse,* 2018 WL 6981828, at *2 (dismissing a direct infringement claim by the plaintiff who "breaks the

exemplary claim into individual elements with [] screenshots," finding that "[s]uch a statement, on its own, is a mere conclusory statement," that "screenshots themselves [do not] constitute the requisite factual allegations" and that "Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met").

Further, Plaintiff fails to address several limitations in Claim 1 in the context of the accused Lite-On product. For example, Claim 1 requires "a nucleation layer," "a cavity containing layer" and that:

- "<u>the cavity containing layer is located directly on the nucleation layer;</u>"

- "the nucleation layer has a <u>thickness of at least one nanometer and contains no large scale cavities;</u>" and

- The cavity containing layer "has a <u>thickness greater than two monolayers.</u>"

'906 Patent at 12:24-34 (emphasis added). Nothing in the image pasted in the FAC indicates the claimed position or thickness of any layer. Plaintiff does not even allege that the image shows that "the cavity containing layer is located directly on the nucleation layer" in the accused Lite-On product. Plaintiff provides no explanation and not "even a short written description" of how the accused Lite-On product meets the limitations of Claim 1. *See De La Vega*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6.

These failures mandate dismissal of Count I. *Id.*, at *15 n.9 (noting plaintiff's failure to contextualize the terms in the limitation with respect to the accused instrumentality). Given the complexity of the semiconductor technology at issue, the FAC's deficiencies are particularly improper. *See Lexington Luminance*, 2018 WL 10425908, at *1-2 (because "the technology at issue is a complicated technology and the claims are directed to <u>an LED light involving a</u>

particular structure and chemical composition," a plausible inference that an accused device

meets all the limitations of the asserted claims cannot be inferred from "simple pleadings

supported by photographs") (emphasis added).

The FAC's threadbare, conclusory allegations represent nothing more than pure

conjecture, and thus Plaintiff fails to "state a claim to relief that is plausible on its face." *See De*

*La Vega*, 2020 WL 3528411, at *7; *see also Chapterhouse,* 2018 WL 6981828, at *2; *Lexington*

*Luminance*, 2018 WL 10425908, at *1-2. Count I should therefore be dismissed.

### 2.    Count II (Alleged Infringement of the '952 Patent)

Plaintiff's allegations in Count II that Lite-On's LTPL-G35UV275GC-E UV LED

product infringes Claim 1 of the '952 Patent are likewise deficient. *See* FAC ¶¶ 49-54. Plaintiff

fails to show how the accused Lite-On product meets the limitations of Claim 1, and merely

presents the same image used in Count I without explanation:



FAC ¶¶ 50, 52. Plaintiff again parrots the language of Claim 1 of the '952 Patent and simply

concludes, without actually addressing the limitations, that infringement is "shown in the

magnified TEM image." *See id*.

Plaintiff also fails to address several limitations in Claim 1 in the context of the accused

Lite-On product, including, for example, the following limitations: "a nucleation layer," "the

nucleation layer is formed of a plurality of nucleation islands," "a cavity containing layer

located over the nucleation layer," and "a cavity containing layer … has a thickness greater than two monolayers." '952 Patent at 18:52-61 (emphases added).  However, nothing in the image pasted in the FAC indicates a nucleation layer, a plurality of nucleation islands, or the position or thickness of any layer.  Plaintiff provides no explanation of how the image demonstrates any of these limitations.  There is no description, not "even a short written description," of how the accused Lite-On product allegedly meets the limitations of Claim 1 of the '952 Patent.  *See De La Vega*, 2020 WL 3528411, at *5-7; *Chapterhouse,* 2018 WL 6981828, at *2; *Lexington Luminance*, 2018 WL 10425908, at *1-2.  Thus, Count II should be dismissed.

### 3.    Count III (Alleged Infringement of the '562 Patent)

In Count III of the FAC, Plaintiff relies on purported SEM images of Lite-On's LTPL-G35UV275GC-E UV LED product to show infringement.  Plaintiff likewise fails to show how these images may relate to the limitations of Claim 1 of the '562 Patent.  For example, Claim 1 requires "two contact corners" and that the two contact corners have "at least one <u>edge</u> having a perpendicular profiled shape along the substantially perpendicular direction."  '562 Patent at 8:41-50 (emphasis added).  However, the FIB-SEM image Plaintiff refers to in the FAC does not show any <u>edge</u> of any contact corner:



FAC ¶ 59 (emphasis added).  Instead, the FAC randomly points to a cross-section allegedly showing a perpendicular shape of a certain contact, despite the fact that the perpendicular shape

is not located at an edge of a contact corner. In reaching the conclusion that the accused Lite-On

product satisfies the "edge" limitation, Plaintiff merely parrots the relevant claim language

without "even a short written description" of how that image for a non-edge cross section

demonstrates that the accused Lite-On product meet the limitation. *See De La Vega*, 2020 WL

3528411, at *5-7. Moreover, nothing in the image pasted in the FAC indicates the limitations of

"the top surface of the first contact" and "a non-planar transition from the surface of the

semiconductor structure" as required by Claim 1. Plaintiff's threadbare and conclusory

statement based on those unannotated and unexplained images themselves do not constitute the

requisite factual allegations. Thus, Count III should be dismissed. *See id.*; *Chapterhouse,* 2018

WL 6981828, at *2; *Lexington Luminance*, 2018 WL 10425908, at *1-2.

### 4.    Count IV (Alleged Infringement of the '848 Patent)

Plaintiff's allegations in Count IV are similarly deficient. The FAC includes no factual

allegations to support the claim that Lite-On's LTPL-G35UV275GC-E UV LED product

infringes Claim 1 of the '848 Patent. FAC ¶ 62.

Plaintiff again presents two images with no annotation or explanation at all regarding

how the images satisfy all limitations of Claim 1.

 

FAC ¶¶ 63-64. For example, Claim 1 requires "a second n-type metallic contact layer … formed

of a reflective metallic material distinct from a metallic material used to form the first n-type

metallic contact layer," but the FAC merely parrots the claim language and alleges that the "above FIB-SEM image shows" those limitations, without anything more. *See* FAC ¶ 66. This is insufficient.

Further, Plaintiff fails to address several limitations in Claim 1, including, for example, the following limitations: "a mesa located over first portion of the surface of the n-type semiconductor layer" and "a second n-type metallic contact layer located over a second portion of the n-type contact region." '848 Patent at 13:56-14:9. Nothing in the images pasted in the FAC indicate that the layers are of <u>n-type</u> semiconductor material, that certain layers form an <u>ohmic contact</u>, that a certain layer is formed of a <u>reflective metallic material, or that the material for a reflective metal is</u> distinct <u>from the material for an ohmic contact</u>, as recited in Claim 1. Such limitations cannot be inferred from the threadbare and conclusory allegations. *See Chapterhouse,* 2018 WL 6981828, at *2. Plaintiff provides no explanation of how the images demonstrate any of these limitations. Nor does Plaintiff provide "even a short written description" of how the accused Lite-On product meet the limitations of Claim 1. *See De La Vega*, 2020 WL 3528411, at *5-7. Thus, Count IV should be dismissed. *See id.*; *see also Chapterhouse*, 2018 WL 6981828, at *2; *Lexington Luminance*, 2018 WL 10425908, at *1-2.

### 5.    Count V (Alleged Infringement of the '785 Patent)

Plaintiff's allegations in Count V that Lite-On's LTPL-G35UV275GC-E UV LED product infringes Claim 1 of the '785 Patent are similarly deficient. *See* FAC ¶¶ 69-75. Plaintiff does not describe how the accused Lite-On product meets the limitations of Claim 1 and only presents two images without explanation:

 

FAC ¶¶ 70-71.  Plaintiff again parrots the language of Claim 1 and simply concludes, without addressing the limitations, that the "composite image above shows" infringement. Plaintiff also does not address limitations in Claim 1 in the context of the accused Lite-On product, including, for example, the following limitations: "a mesa located over a first portion of the surface of the n-type semiconductor layer and having a mesa boundary," "a second metallic contact layer located over a second portion of the n-type contact region, wherein the second metallic contact layer is formed of a reflective metallic material," "the first metal is distinct from the second metal," and "the n-type semiconductor layer includes at least one-scattering element." Nothing in the images pasted in the FAC indicates that the layers are of <u>n-type</u> semiconductor material, that certain layers form an <u>ohmic contact</u>, that certain layer is formed of a <u>reflective metallic material</u>, that the first metal is <u>distinct</u> from the second metal, or that there is a <u>scattering element</u> within the n-type semiconductor material, as recited in Claim 1.  Such limitations cannot be inferred from the threadbare and conclusory allegations.  *See Chapterhouse,* 2018 WL 6981828, at *2.  Plaintiff provides no explanation of how the images demonstrate any of these limitations.  There is no discussion, not "even a short written description," of how the accused Lite-On product allegedly meets the limitations of Claim 1.  *See De La Vega*, 2020 WL 3528411, at *5-7.  Thus, Count V should be dismissed.  *See id.*; *see also Chapterhouse,* 2018 WL 6981828, at *2; *Lexington Luminance*, 2018 WL 10425908, at *1-2.

### 6.    Count VI (Alleged Infringement of the '496 Patent)

Plaintiff's allegations in Count VI suffer from similar defects.  Plaintiff likewise presents

two images without identifying the limitations in the context of the accused Lite-On product:



FAC ¶ 77-78.  Plaintiff parrots the language of Claim 1 and simply concludes that the

"heterostructure in the TEM image" shows the limitations.  *See* FAC ¶ 77.  This is far from

sufficient, especially given the complexity of the claimed structure.  *See Lexington Luminance*,

2018 WL 10425908, at *1-2.

In addition, Plaintiff fails to address several limitations of Claim 1 of the '496 Patent.

For example, Claim 1 requires a "<u>partially relaxed sublayer</u>," and a dislocation blocking structure

that "includes a <u>graded composition that changes from a first side of the dislocation blocking</u>

<u>structure to a second side thereof</u>."  '496 Patent at 14:49-61 (emphases added).  However,

nothing in the images indicates a <u>partially relaxed sublayer</u> or <u>compositional grading</u> in the

dislocation blocking structure.  Such limitations cannot be inferred from the threadbare and

conclusory allegations.  *See Chapterhouse,* 2018 WL 6981828, at *2.   Plaintiff provides no

explanation of how the images demonstrate any of these limitations.  Thus, Count VI should be

dismissed.  *See De La Vega*, 2020 WL 3528411, at *5-7; *Chapterhouse,* 2018 WL 6981828, at

*2; *Lexington Luminance*, 2018 WL 10425908, at *1-2.

**B.**     **Counts VII-IX Should Be Dismissed Because Plaintiff Pleads Contradictory Allegations and Insufficient Facts**

Plaintiff's infringement allegations with respect to the '420, '156 and '117 Patents suffer from similar flaws as found in Counts I-VI—*i.e.*, Plaintiff recites the asserted claim language and includes a few images without any meaningful explanation.  In fact, Plaintiff fails to correlate most limitations of an asserted claim to a structure of the accused product.

Further, as detailed below, with respect to those claim elements that Plaintiff appears to identify in the images pasted in the FAC, the assertions that the images correspond to certain structures are contradicted by the other allegations in the FAC.  "Although the court must accept as true 'well-pleaded' factual allegations in the complaint, the court need not accept as true 'conclusory' allegations or allegations of inferences that are contradicted by the facts pleaded or set out in the exhibits attached to or incorporated in the pleading."  *United States ex rel. Wilkins v. N. Am. Constr. Corp.*, 173 F. Supp. 2d 601, 617 (S.D. Tex. 2001) ("The court will not accept as true allegations that are contradicted . . . by other allegations … in the pleading"); *see also Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 928 (Fed. Cir. 2014) ("Although all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

**1.**     **Count VII (Alleged Infringement of the '420 Patent)**

Plaintiff asserts Claim 1 of the '420 Patent in Count VII, which requires lateral inhomogeneities in a semiconductor layer.  Specifically, Claim 1 of the '420 Patent recites:

> 1. A device comprising:
> a short period superlattice (SPSL) semiconductor layer, wherein <u>a composition of at least one barrier in the SPSL semiconductor layer</u>

> varies along lateral dimensions of the at least one barrier such that a lateral cross section of the at least one barrier includes:
>
> a set of transparent regions having a first characteristic band gap, wherein the set of transparent regions are at least ten percent of an area of the lateral cross section of the at least one barrier; and
>
> a set of higher conductive regions having a second characteristic band gap at least five percent smaller than the first characteristic band gap, wherein the set of higher conductive regions are at least two percent of the area of the lateral cross section of the at least one barrier, and wherein lateral inhomogeneities in at least one of: the composition or a doping of the at least one barrier forms the set of transparent regions and the set of higher conductive regions.

'420 Patent at 18:2-20 (emphases added).

Plaintiff's allegations for the limitations regarding lateral inhomogeneities are based solely on unannotated and unexplained TEM images along with a conclusory statement:



… The barriers' material composition varies <u>laterally</u> across the plane of the barriers, as shown in the TEM images below.



FAC ¶¶ 82-83 (emphasis added).  The allegations are also directly contradicted by other allegations in the FAC that the image of the <u>same</u> cross-section area shows the <u>vertical</u> cross section in a semiconductor layer:



…
The TEM image above shows a first and second level of the semiconductor layer. The darker, high-aluminum regions has a plurality of inhomogeneous regions arranged within multiple levels of the semiconductor layer <u>along a height direction of the semiconductor layer</u>, the high-aluminum regions form a set of transparent regions.
As shown in the TEM image above, some of the inhomogeneous regions in a first level of the semiconductor layer are <u>vertically</u> offset from inhomogeneous regions in a second level of the semiconductor layer.

FAC ¶¶ 97, 99-100 (emphasis added).

As such, Plaintiff makes implausible and contradictory allegations that <u>both</u> the lateral cross section and the vertical cross section in a semiconductor layer correspond to the same cross section area, as shown in the same magnified TEM images.  Images of the <u>same</u> cross-section area cannot possibly show the cross-section in both lateral and vertical directions for a semiconductor layer.  Therefore, Plaintiff fails to make plausible factual allegations with respect to the lateral compositions of the semiconductor layer.  *See U.S. ex rel. Wilkins*, 173 F. Supp. 2d at 617; *see also Anderson*, 570 F. App'x at 928.

In addition, Plaintiff fails to address several limitations of Claim 1 of the '420 Patent. For example, Claim 1 requires "a set of higher conductive regions having a second characteristic

band gap <u>at least five percent smaller than</u> the first characteristic band gap," but Plaintiff does

not even allege that the image in the FAC includes that limitation in the accused Lite-On

product.  Moreover, nothing in the images pasted in the FAC indicates the limitation of "the set

of transparent regions are at least ten percent of an area of the lateral cross section of the at least

one barrier" and "the set of higher conductive regions are at least two percent of the area of the

lateral cross section of the at least one barrier," as required by Claim 1.  Such limitations cannot

be inferred from the threadbare and conclusory allegations.  *See Chapterhouse,* 2018 WL

6981828, at *2.  Thus, Count VII should be dismissed.  *See De La Vega*, 2020 WL 3528411, at

*5-7; *Chapterhouse,* 2018 WL 6981828, at *2; *Lexington Luminance*, 2018 WL 10425908, at

*1-2.

### 2.    Count VIII (Alleged Infringement of the '156 Patent)

Plaintiff's infringement allegations regarding Claim 1 of the '156 Patent have the same

flaw.  The asserted claim similarly requires lateral inhomogeneities in a semiconductor layer:

> 1. A device, comprising:
> a set of group III nitride layers, wherein at least one of the group III nitride
>     layers comprises:
>     a set of transparent regions having a first characteristic band gap,
>         wherein the set of transparent regions are at least ten percent of an
>         area of a <u>lateral cross section</u> of the at least one group III nitride
>         layer; and
>     a set of higher conductive regions having a second characteristic band
>         gap at least five percent smaller than the first characteristic band gap,
>         wherein the set of higher conductive regions occupy at least two
>         percent of the area of the <u>lateral cross section</u> of the at least one
>         group III nitride layer, wherein an aluminum nitride molar fraction
>         in the set of transparent regions is higher than an aluminum nitride
>         molar fraction in the set of conductive regions.

'156 Patent at 30:56-31:4 (emphases added).

As in Count VII, Plaintiff's allegations for the limitations regarding lateral inhomogeneities are based solely on unannotated and unexplained TEM images along with a conclusory statement:



… The barriers' material composition varies <u>laterally</u> across the plane of the barriers, as shown in the TEM images below.



FAC ¶ 89 (emphasis added). As discussed, those allegations are also contradicted by other allegations in the FAC. *See* FAC ¶¶ 97, 99-100. Therefore, Plaintiff fails to make plausible factual allegations with respect to the lateral compositions of the semiconductor layer. *See United States ex rel. Wilkins*, 173 F. Supp. 2d at 617; *see also Anderson*, 570 F. App'x at 928.

As with the '420 Patent discussed above, Plaintiff also fails to address the limitation of "a set of higher conductive regions having a second characteristic band gap at least five percent smaller than the first characteristic band gap." Moreover, nothing in the images pasted in the FAC indicates the limitation of "wherein the set of transparent regions are at least ten percent of

17

an area of a lateral cross section of the at least one group III nitride layer" and "wherein the set of higher conductive regions occupy at least two percent of the area of the lateral cross section of the at least one group III nitride layer," as required by Claim 1. Such limitations cannot be inferred from the threadbare and conclusory allegations. *See Chapterhouse,* 2018 WL 6981828, at *2. Thus, Count VIII should be dismissed. *See De La Vega*, 2020 WL 3528411, at *5-7; *Chapterhouse,* 2018 WL 6981828, at *2; *Lexington Luminance*, 2018 WL 10425908, at *1-2.

### 3.    Count IX (Alleged Infringement of the '117 Patent)

Plaintiff's allegations in Count IX for the '117 Patent are also legally flawed. As an initial matter, Plaintiff's allegations with respect to the required vertical inhomogeneities across semiconductor layers are directly contradicted by allegations in Paragraphs 82-83 and 89 of the FAC. *See* '117 Patent at Claim 1 ("the semiconductor layer including <u>a plurality of inhomogeneous regions arranged within multiple levels of the semiconductor layer along a height direction of the semiconductor layer</u>, wherein some of the inhomogeneous regions in a first level of the semiconductor layer are <u>vertically offset</u> from inhomogeneous regions in a second level of the semiconductor layer") (emphasis added). As in all other Counts, Plaintiff presents two images as the sole basis for the FAC's allegations concerning the vertical cross section of semiconductor layers of the accused Lite-On product. *See* FAC ¶¶ 97, 99-100. However, as discussed above, Plaintiff also asserts that the same image of the same cross section area shows the <u>lateral</u> cross section, which is logically implausible and contradictory. *See supra* Sections IV.B.1-2; *Compare* FAC ¶¶ 82-83, 89 *with* FAC ¶¶ 97, 99-100. Those contradicted allegations do not constitute plausible factual allegations sufficient to meet the pleading requirements. *See United States ex rel. Wilkins*,173 F. Supp. 2d at 617; *see also Anderson*, 570 F. App'x at 928.

Furthermore, Plaintiff fails to show how the purported TEM images of the accused Lite-On product correspond to the limitations of asserted Claim 1.  For example, Claim 1 recites a "group III nitride semiconductor layer … including <u>a plurality of inhomogeneous regions arranged within multiple levels of the semiconductor layer along a height direction of the semiconductor layer</u>, wherein <u>some of the inhomogeneous regions in a first level of the semiconductor  layer are vertically offset from inhomogeneous regions in a second level of the semiconductor layer</u>" and "<u>each of the inhomogeneous regions having a set of attributes differing from a group III nitride material forming the semiconductor layer</u>."  However, the images do not show a plurality of inhomogeneous regions <u>arranged within multiple levels</u>, a vertical offset of the inhomogeneous regions in different levels of the semiconductor layer, or any set of attributes, as claimed.  *See* FAC ¶¶ 99-100.  The FAC does not show or otherwise explain with any facts whatsoever.  *See id*.  Other than threadbare recitals of the claim language itself, Plaintiff provides no description or explanation of the images whatsoever.  *See* FAC ¶¶ 95-102.  Thus, Count IX should be dismissed for that reason as well.  *See De La Vega*, 2020 WL 3528411, at *5-7; *Chapterhouse*, 2018 WL 6981828, at *2; *Lexington Luminance*, 2018 WL 10425908, at *1-2.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Counts I-IX of the FAC, pursuant to Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

Dated: July 13, 2021

Respectfully submitted,

By: *Brian C. Nash*

Brian C. Nash
Texas State Bar No. 24051103
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
401 Congress Avenue, Suite 1700
Austin, TX  78701-3797
Telephone: 512.580.9600
Facsimile:  512.580.9601
Email: brian.nash@pillsburylaw.com

Christopher Kao (*pro hac vice* filed)
  christopher.kao@pillsburylaw.com
David J. Tsai (*pro hac vice* filed)
  david.tsai@pillsburylaw.com
Brock S. Weber (*pro hac vice* filed)
  brock.weber@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone:  415.983.1000
Facsimile:  415.983.1200

*Counsel for Defendants*
*LITE-ON TECHNOLOGY CORPORATION, LITE-ON TECHNOLOGY USA, INC., LITE-ON, INC., and LITE-ON TRADING USA, INC.*

## CERTIFICATE OF SERVICE

I certify that on July 13, 2021, I caused a copy of the foregoing to be served on all counsel of record via the Court's Electronic Filing system.

*/s/ Brian C. Nash*